IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| WYLIE O'BRIEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| VELOCITY INVESTMENTS, LLC, and COOLING & WINTER, LLC, | ) ) ) |
| Defendants. | ) ) |

8:18 cv 1469 T 23 AEP

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the plaintiff, WYLIE O'BRIEN, by and through his attorneys, SMITHMARCO, P.C., and for his Complaint against the defendants, VELOCITY INVESTMENTS, LLC and COOLING & WINTER, LLC, the Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. WYLIE O'BRIEN, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Thonotosassa, County of Hillsborough, State of Florida.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to Consumer Portfolio Services (hereinafter, "the Debt").



Page 1 of 6

6. The debt that Plaintiff allegedly owed Consumer Portfolio Services was for a loan on an automobile, which was for the personal use of Plaintiff and/or Plaintiff's family.

7. Upon information and belief, VELOCITY INVESTMENTS, LLC purchased, acquired and/or otherwise obtained the debt for the purpose of collection from Plaintiff.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. VELOCITY INVESTMENTS, LLC, (hereinafter, "Velocity") is a business entity engaged in the collection of debt within the State of Florida. Velocity's principal place of business is located in the State of New Jersey. Velocity is registered as a foreign limited liability company in the State of Florida.

10. The principal purpose of Velocity's business is the collection of debts allegedly owed to third parties.

11. Velocity regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Velocity sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. Velocity is registered as a Consumer Collection Agency with the Florida Office of Financial Regulation.

14. At all relevant times, Velocity acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

15. At all relevant times, Velocity acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

16. COOLING & WINTER, LLC, (hereinafter, "C&W") is a law firm engaged in the collection of debt within the State of Florida. C&W's principal place of business is located in the State of Georgia. C&W is registered as a foreign limited liability company in the State of Florida.

17. The principal purpose of C&W's business is the collection of debts allegedly owed to third parties.

18. C&W regularly collects, or attempts to collect, debts allegedly owed to third parties.

19. During the course of its efforts to collect debts allegedly owed to third parties, C&W sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

20. C&W is registered as a Consumer Collection Agency with the Florida Office of Financial Regulation.

21. At all relevant times, C&W acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

22. At all relevant times, C&W acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.   ALLEGATIONS

### FACTS COMMON TO ALL COUNTS

23.   On or about February 7, 2007, Plaintiff purchased a 2007 Suzuki Forenza (hereinafter, the "subject vehicle") from Suzuki of Lakeland, which purchase was financed through Consumer Portfolio Services Inc. pursuant to the terms of the underlying retail installment contract (hereinafter, the "Contract").

24.   Prior to November 9, 2011, Plaintiff defaulted on the Contract and the subject vehicle was repossessed.

25.   On November 9, 2011, Consumer Portfolio Services Inc. sent Plaintiff a correspondence notifying him that it had possession of the subject vehicle because of Plaintiff's default on the Contract and that it intended to sell the subject vehicle after November 30, 2011.

26.   On December 22, 2011, Consumer Portfolio Services Inc. sent Plaintiff a correspondence indicating that it had sold the subject vehicle and that Plaintiff owed a deficiency balance of $7,513.71.

27.   Plaintiff has not made any payments toward the vehicle or any deficiency balance since the vehicle was repossessed prior to November 9, 2011.

28.   The statute of limitations to for an action based on a breach of a written contract is five (5) years.  Fla. Stat. § 95.11(2)(b).

29.   Any action based on a breach of the Contract between Plaintiff and Consumer Portfolio Services Inc., therefore, must have been filed prior to November 9, 2016.

30.   Notwithstanding, on June 27, 2017, C&W, at the direction of Velocity, filed an action based on a breach of the Contract between Plaintiff and Consumer Portfolio Services Inc.

## COUNT I: WYLIE O'BRIEN v. VELOCITY INVESTMENTS, LLC

31. In its attempts to collect the debt allegedly owed by Plaintiff, Velocity violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

   c. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

32. As a result of Velocity's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, WYLIE O'BRIEN, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Velocity as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages of $1,000.00;

   c. Plaintiff's attorneys' fees and costs;

   d. Any other relief deemed appropriate by this Honorable Court.

## COUNT II:
## WYLIE O'BRIEN v. C&W

33. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

34. In its attempts to collect the debt allegedly owed by Plaintiff, C&W violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

  b. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

  c. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

35. As a result of C&W's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, WYLIE O'BRIEN, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against C&W as follows:

  e. All actual compensatory damages suffered;

  f. Statutory damages of $1,000.00;

  g. Plaintiff's attorneys' fees and costs;

  h. Any other relief deemed appropriate by this Honorable Court.

### V.   JURY DEMAND

36. Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
**WYLIE O'BRIEN**

By: _____
David M. Marco
Attorney for Plaintiff

Dated: June 15, 2018

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com